FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# Mar 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KASANDRA G., | NO: 2:22-CV-0313-RMP |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Kasandra G.[1], ECF No. 11, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 16. Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the Commissioner's denial of her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). *See* ECF No. 11 at 3.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 1

Having reviewed Plaintiff's Opening Brief, ECF No. 11; the Commissioner's Brief, ECF No. 16; Plaintiff's reply, ECF No. 17; the relevant law; and the administrative record; the Court is fully informed.  For the reasons set forth below, the Court grants judgment for Plaintiff, reverses the Commissioner's final decision, and remands the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

### General Context

Plaintiff applied for DIB on approximately July 20, 2020, alleging an onset date of July 5, 2020.  *See* Administrative Record ("AR")[2] 187.  Plaintiff was 31 years old on the alleged disability onset date and asserted that she was unable to work due to anxiety, panic attacks, social anxiety, claustrophobia, and depression. AR 187.  Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing.  *See* AR 251–252.

On December 14, 2021, Administrative Law Judge ("ALJ") Mark Kim held a telephonic hearing from Spokane, Washington.  AR 147–149.  Plaintiff was present and represented by attorney Dana Madsen.  AR 147–149.  ALJ Kim heard testimony from Plaintiff and vocational expert ("VE") Erin Hunt.  AR 147–149.

---

[2] The Administrative Record is filed at ECF No. 9.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 2

1

***ALJ's Decision***

2

Applying the five-step evaluation process, ALJ Kim found:

3

**Step one:** Plaintiff meets the insured status requirements of the Act through

4 December 31, 2025. AR 95. Plaintiff did not engage in substantial gainful activity

5 since her alleged onset date of July 5, 2020. AR 95 (citing 20 C.F.R. § 404.1571 *et*

6 *seq.* and 416.971 *et seq*).

7

**Step two:** Plaintiff has the following severe impairments that are medically

8 determinable and more than minimally limit her ability to perform basic work

9 activities: anxiety disorder with panic attacks, depressive disorder, and

10 claustrophobia, pursuant to 20 C.F.R. §§ 404.1520(c) and 416.920(c). AR 95. The

11 ALJ further noted that Plaintiff has the following diagnoses: unspecified somatic

12 symptom disorder, unspecified personality disorder, unspecified

13 neurodevelopmental disorder, and opioid use disorder in remission (with

14 methadone). AR 96. The ALJ found these diagnoses are best addressed by the

15 severe impairments listed above and stated that "all of the claimant's mental

16 symptoms have been considered in making this decision." AR 96.

17

**Step three:** The ALJ concluded that Plaintiff does not have an impairment or

18 combination of impairments that meets or medically equals the severity of one of the

19 listed impairments in C.F.R. Part 404, Subpart P, Appendix 1. AR 96 (citing 20

20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

21 The ALJ memorialized that he considered whether Plaintiff's impairments satisfy

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 3

paragraph B criteria and found that the evidence does not satisfy the criteria.
Specifically, the ALJ concluded that Plaintiff has a mild limitation in remembering
or applying information; a moderate limitation in interacting with others; a moderate
limitation in concentrating, persisting, or maintaining pace; and a moderate
limitation in adapting or managing oneself.  AR 96–97.  The ALJ further noted that
he considered whether "paragraph C" criteria are satisfied and concluded that "the
evidence fails to establish the presence of the 'paragraph C' criteria."  AR 97.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff has
the RFC to perform a full range of work at all exertional levels, with the following
nonexertional limitations: "[Plaintiff] can perform simple, routine tasks with a
Specific Vocational Preparation of 2 or less; she can perform work involving only
occasional and simple changes; and work involving no interaction with the public."
AR 98.  In determining Plaintiff's RFC, the ALJ found that "the claimant's
medically determinable impairments could reasonably be expected to cause some of
the alleged symptoms; however, the claimant's statements concerning the intensity,
persistence and limiting effects of these symptoms are not entirely consistent with
the medical evidence and other evidence in the record for the reasons explained in
this decision."  AR 99.  The ALJ concluded as follows:

> [T]he overall record for the adjudicatory period reflects routine and
> conservative treatment with medication management and counseling
> at times, there is no indication of any inpatient treatment or
> psychiatric hospitalizations during the adjudicative period, and the
> claimant's consultative psychological evaluations, mental status

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 4

exams, and treating records/progress notes are not consistent with the degree of disabling severity alleged.

AR 99.

**Step four:** The ALJ found that Plaintiff is unable to perform any past relevant work.  AR 104–105 (citing 20 C.F.R. § 404.1565 and 416.965).

**Step five:** The ALJ found that Plaintiff has a limited education; on the alleged disability onset date, Plaintiff's age category was a younger individual; and transferability of job skills is not material to the determination of disability because Plaintiff is "not disabled" under the Medical-Vocational Rules, whether or not Plaintiff has transferable job skills.  AR 105 (citing SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).  The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  AR 105 (citing 20 C.F.R. § 404.1569, 404.1569(a), 416.969, and 416.969(a)).  Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff could perform with the RFC: kitchen helper (medium, unskilled work, with approximately 107,000 jobs nationally); hand packager (medium, unskilled work, with approximately 77,000 jobs nationally); and marker (light, unskilled work, with approximately 131,000 jobs nationally).  AR 106.  The ALJ concluded that Plaintiff has not been under a disability from July 5, 2020, through the date of the ALJ's decision.  AR 106 (citing 20 C.F.R. § 404.1520(g), 416.920(g)).

/ / /

Through counsel, Plaintiff sought in this Court review of the unfavorable decision.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 6

1    A decision supported by substantial evidence still will be set aside if the

2    proper legal standards were not applied in weighing the evidence and making a

3    decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

4    1988).  Thus, if there is substantial evidence to support the administrative findings,

5    or if there is conflicting evidence that will support a finding of either disability or

6    nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*,

7    812 F.2d 1226, 1229–30 (9th Cir. 1987).

8    ### *Definition of Disability*

9    The Social Security Act defines "disability" as the "inability to engage in any

10   substantial gainful activity by reason of any medically determinable physical or

11   mental impairment which can be expected to result in death, or which has lasted or

12   can be expected to last for a continuous period of not less than 12 months."  42

13   U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to

14   be under a disability only if the impairments are of such severity that the claimant is

15   not only unable to do their previous work, but cannot, considering the claimant's

16   age, education, and work experiences, engage in any other substantial gainful work

17   which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the

18   definition of disability consists of both medical and vocational components.  *Edlund*

19   *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

20   / / /

21   / / /

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 7

1    ***Sequential Evaluation Process***

2        The Commissioner has established a five-step sequential evaluation process

3    for determining whether a claimant is disabled.  20 C.F.R. § 404.1520.  Step one

4    determines if they are engaged in substantial gainful activities.  If the claimant is

5    engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §

6    404.1520(a)(4)(i).

7        If the claimant is not engaged in substantial gainful activities, the decision

8    maker proceeds to step two and determines whether the claimant has a medically

9    severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).

10   If the claimant does not have a severe impairment or combination of impairments,

11   the disability claim is denied.

12       If the impairment is severe, the evaluation proceeds to the third step, which

13   compares the claimant's impairment with listed impairments acknowledged by the

14   Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §

15   404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment

16   meets or equals one of the listed impairments, the claimant is conclusively presumed

17   to be disabled.

18       If the impairment is not one conclusively presumed to be disabling, the

19   evaluation proceeds to the fourth step, which determines whether the impairment

20   prevents the claimant from performing work that they have performed in the past.  If

21   the claimant can perform their previous work, the claimant is not disabled.  20

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 8

C.F.R. § 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their RFC and age, education, and past work experience.  20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff raises the following issues regarding the ALJ's decision:

1.     Did the ALJ erroneously assess the medical source opinions?

2.     Did the ALJ erroneously discount Plaintiff's subjective complaints?

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 9

*Medical Source Opinions*

Plaintiff argues that the ALJ failed to properly evaluate and reconcile inconsistencies among medical opinions, and he failed to meaningfully explain why he discounted portions of the medical opinions.  ECF No. 11 at 9–10.  The Commissioner responds that the ALJ properly "articulated how the factors of supportability and consistency were considered in determining the 'persuasiveness' of each assessment."  ECF No. 16 at 17 (citing 20 C.F.R. § 404.1520c).

The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence and require the ALJ to articulate how persuasive he finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Instead, for each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's familiarity with other evidence in the claim or an understanding of Social Security's disability program.  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the "most important" factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 404.1520c(b)(2).  With respect to these two factors, the regulations provide that an

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 10

opinion is more persuasive in relation to how "relevant the objective medical evidence and supporting explanations presented" and how "consistent" with evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).  The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must continue to consider whether the ALJ's finding is supported by substantial evidence.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to revision of the regulations, the Ninth Circuit required an ALJ to provide clear and convincing reasons to reject an uncontradicted treating or examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."  *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022).  The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 11

1    incompatible with the revised regulations." *Id*. at *15 (internal citation omitted).

2    Recently, the Ninth Circuit further has held that the updated regulations comply with

3    both the Social Security Act and the Administrative Procedure Act, despite not

4    requiring the ALJ to articulate how he or she accounts for the "examining

5    relationship" or "specialization factors. *Cross v. O'Malley*, No. 23-35096, 2024

6    U.S. App. LEXIS 302 at *7–12 (9th Cir. Jan. 5, 2024).

7        Accordingly, as Plaintiff's claim was filed after the new regulations took

8    effect, the Court refers to the standard and considerations set forth by the revised

9    rules for evaluation medical evidence. *See* AR 187.

10    **Dr. Everhart**

11        Plaintiff argues that Dr. Everhart opined that Plaintiff "may have difficulty

12    maintaining regular attendance on a consistent basis without interruption from

13    psychological symptoms, such as anxiety and panic attacks." ECF No. 11 at 10

14    (citing AR 685). Plaintiff argues that the ALJ found Dr. Everhart's opinion to be

15    "substantially persuasive," but the ALJ failed to explain why he did not accordingly

16    include a limitation regarding maintaining regular attendance. ECF No. 11 at 10–11.

17    Plaintiff continued that the ALJ improperly rejected the portion of Dr. Everhart's

18    opinion regarding Plaintiff's limited ability to interact with coworkers and

19    supervisors, because the ALJ's rejection was not supported by substantial evidence.

20    ECF No. 11 at 12.

21

1    The Commissioner contends that there was no opinion or agency finding that

2    Plaintiff would miss multiple days of work per month, and Plaintiff's reference to

3    missing therapy appointments was not sufficient to support a limitation regarding

4    missing work.  ECF No. 16 at 22.  The Commissioner notes that the ALJ found Dr.

5    Everhart's opinion "substantially," but not fully, persuasive.  ECF No. 16 at 19.

6    Additionally, the Commissioner argues that the ALJ properly found that the record

7    did not support finding that Plaintiff was likely to have difficulty interacting with

8    supervisors and coworkers.  ECF No. 16 at 19.

9    The ALJ found that Dr. Everhart's opinion that Plaintiff "may have difficulty"

10   maintaining regular attendance was "substantially persuasive."  AR 102, 685.  Yet

11   the ALJ did not include a limitation regarding attendance, nor did he articulate and

12   support a finding that such a limitation is unnecessary.  AR 102.  Even under the

13   revised framework for evaluating medical source opinions, *see* 42 U.S.C. § 405(g),

14   the ALJ's assessment of the relevant medical opinions must be supported by

15   substantial evidence, and the ALJ's determination that no limitation regarding

16   attendance was necessary does not meet that requirement.

17   The ALJ found Dr. Everhart's opinion that Plaintiff is likely to have difficulty

18   interacting appropriately with supervisors and coworkers "unsupported by objective

19   evidence/findings from the record and relies heavily on claimant's self-report."  AR

20   103.  The ALJ's finding that Plaintiff's limitation regarding coworkers and

21   supervisors is "unsupported" does not meet the substantial evidence requirement.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 13

1   The ALJ does not cite to records demonstrating that Plaintiff is able to interact with

2   coworkers and supervisors without limitation.  Moreover, the ALJ does not

3   acknowledge that Plaintiff testified that she is unable to interact with close friends or

4   attend birthday parties, and that she interacts only with her mother and father.  AR

5   158.  Based on the ALJ's conclusory reasoning, which appears inconsistent with

6   Plaintiff's self-reports and Dr. Everhart's medical opinion, the Court finds that the

7   ALJ did not fulfill his obligation to consider the supportability and consistency of

8   the medical opinion and, therefore, erred.

9       **Dr. Comrie & Dr. Kraft**

10      Plaintiff argues that Dr. Comrie and Dr. Kraft opined that Plaintiff can interact

11  with the public on an occasional basis, but she can interact with supervisors and

12  coworkers on a "more frequent basis."  ECF No. 11 at 14 (citing AR 183).  Plaintiff

13  interprets these opinions to recommend "some degree of limitation" in interacting

14  with supervisors and coworkers that allows greater contact than with the general

15  public, "but not unlimited interaction and contact."  ECF No. 11 at 14.  While the

16  ALJ included a limitation that Plaintiff should have no interaction with the general

17  public, Plaintiff contends that the ALJ erred by including neither a restriction

18  regarding Plaintiff's ability to interact with coworkers and supervisors, nor an

19  explanation for his rejection of Plaintiff's limitations in interacting with coworkers

20  and supervisors.  ECF No. 11 at 15.

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 14

1       The Commissioner notes that the ALJ found Dr. Comrie and Dr. Kraft's

2   opinions were "substantially persuasive" but not fully persuasive, and that the ALJ

3   stated that Plaintiff's RFC "better account[s] for [her] anxiety/panic-related

4   symptoms, and are more consistent with the overall record."  ECF No. 16 at 23–24

5   (citing AR 104).  The Commissioner argues that the ALJ "stated outright that the

6   longitudinal evidence did not support any limitations on Plaintiff's ability to interact

7   with coworkers and supervisors."  ECF No. 16 at 24.  The ALJ pointed out evidence

8   to support the RFC, such as comments that Plaintiff "did well working four and a

9   half years in caregiving" and that Plaintiff identified being "good with people"

10  among her strengths.  ECF No. 16 at 25 (citing AR 100 and 102).  The

11  Commissioner argues that the ALJ "rationally" concluded that Plaintiff did not have

12  restrictions in her ability to interact with supervisors and coworkers based on the

13  evidence in the record.  ECF No. 16 at 25.

14      The ALJ found the medical opinions by Dr. Comrie and Dr. Kraft that

15  Plaintiff has the capacity to interact with supervisors and coworkers on a more

16  frequent basis "substantially persuasive."  AR 103.  The ALJ concluded that the

17  assessments "reinforce that claimant's mental impairments do not preclude her from

18  performing a limited range of unskilled work with social restrictions."  AR 104.  The

19  ALJ did not explain whether he interpreted the opinion that Plaintiff can interact

20  with supervisors and coworkers "on a more frequent basis" to suggest no limitation

21  is required, or whether he interpreted this to mean that a limitation is required, but

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 15

that he disagreed with that conclusion.  However, the ALJ did note that Dr. Comrie

and Dr. Kraft concluded that Plaintiff "remains capable of performing simple work

tasks with limited contact with others in the workplace."  AR 103 (citing AR 191,

227).  The ALJ explained that, "based on the entire longitudinal record and evidence

presented at the hearing," he finds Plaintiff has greater limitations that support

additional restrictions regarding Plaintiff's interaction with the public, and that these

restrictions "better account for the claimant's anxiety/panic-related symptoms, and

are more consistent with the overall record."  AR 103–04.  However, the ALJ does

not explain his reasoning for finding that no limitation was needed regarding

coworkers and supervisors.  The ALJ cited to Plaintiff's abilities prior to her alleged

disability onset date, which are irrelevant for her abilities after her alleged onset

date, and he noted that she listed a strength as "I am good with people, I have a big

heart."  AR 102.  The Court finds this citation insufficient to provide the substantial

evidence necessary to discount the medical opinion.

Based on the ALJ's conclusory reasoning, which appears inconsistent with

Plaintiff's longitudinal record and the content of the opinions at issue, the Court

finds that the ALJ did not fulfill his obligation to consider the supportability and

consistency of the medical opinions and, therefore, erred.

### Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ erred by failing to provide substantial evidence

for his conclusion that her subjective reports were not reliable.  ECF No. 11 at 17.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 16

1    Plaintiff argues that her presentation during examinations as "alert, oriented, with

2    good grooming, cooperative, maintained eye contact, had normal thought process,

3    and intellectual function" are unrelated to her impairments and "are essentially non

4    sequiturs." ECF No. 11 at 18.  Plaintiff argues that the ALJ's finding that her

5    presentation does not support disability is inconsistent with her presentation during

6    the exam, because in her exam she presented that "she was unable to work due to

7    anxiety, panic attacks, depression, and difficulty being around people." ECF No. 11

8    at 19.

9        Plaintiff further argues that the ALJ incorrectly concluded that a mental

10    impairment is not credible unless it requires hospitalization, and that the ALJ failed

11    to articulate evidence suggesting that an individual suffering from the impairments

12    asserted by Plaintiff would receive different treatment than she received. ECF No.

13    11 at 19.

14        Plaintiff continues by asserting that the activities cited by the ALJ, such as

15    being able to do her own cooking, cleaning, laundry, and personal hygiene are not

16    probative of her work activity. ECF No. 11 at 19.  Plaintiff contends that the ALJ

17    mischaracterized Plaintiff's ability to engage in daily activities by disregarding her

18    statements that she does not like to leave her house, needs to take naps, and has to

19    take breaks when she engages in the activities. ECF No. 11 at 19–20.  Plaintiff

20    argues that the ALJ erred in finding that her presentation in the examination by Dr.

21    Islam-Zwart supports that Plaintiff is able to work, when Dr. Islam-Zwart opined

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 17

that Plaintiff's presentation was consistent with an inability to work.  ECF No. 11 at 20.  Plaintiff also notes that the ALJ discussed that Plaintiff was doing well and able to work prior to her alleged onset date, which Plaintiff argues is "not probative of her condition during the alleged period of disability."  ECF No. 11 at 20.  Finally, Plaintiff posits that the ALJ "seems to hold the episodic nature of Plaintiff's panic attacks against her" and that inconsistent reports of positive mental health do not independently support an ALJ's decision to reject a claimant's testimony regarding their mental health symptoms.  ECF No. 11 at 20–21.  Rather, Plaintiff argues that her condition is exacerbated by the demands of work activity, and because she is currently not working, she does not have as many panic attacks and is able to take her anxiety medication only as needed.  ECF No. 17 at 3.

The Commissioner responds that the ALJ "reasonably found Plaintiff's testimony was not entirely consistent with the overall evidence," and that "the ALJ provided valid reasons for so finding."  ECF No. 16 at 9.  The Commissioner argues that "where Plaintiff has provided objective evidence of a condition that might reasonably produce the symptoms alleged, the ALJ was required to evaluate the intensity and persistence of her symptoms."  ECF No. 16 at 10.  The Commissioner argues that the objective evidence of Plaintiff's presentation was "inconsistent with Plaintiff's allegations of work-preclusive limitations."  ECF No. 16 at 11 (citing *Molina v Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012)).  The Commissioner argues that, while Plaintiff suggests that these observations are unrelated to her

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 18

impairments, the ALJ appropriately focused not just on Plaintiff's diagnoses, but on "how her conditions affected her ability to perform basic work activities." ECF No. 16 at 12.

The Commissioner continues that the ALJ's consideration of other evidence, such as Plaintiff's treatment history, was sufficient to reasonably find that Plaintiff's improvement with "routine and conservative" treatment was inconsistent with Plaintiff's subjective allegations. ECF No. 16 at 13. The Commissioner argues that "evidence of medical treatment successfully relieving symptoms can undermine a claimant's allegations of disability, even though symptoms may 'wax and wane.'" ECF No. 16 at 14 (citing *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017)). The Commissioner argues that Plaintiff's allegations of panic attacks multiple times a day, every day, is inconsistent with Plaintiff's report of taking medications "sporadically" or "not at all." ECF No. 16 at 14 (citing AR 102, 595, 688).

Finally, the Commissioner argues that the ALJ "may consider a claimant's activities insofar as those activities are not consistent with her allegations." ECF No. 16 at 16 (citing *Molina*, 674 F.3d at 1113; *Valentine v. Astrue*, 574 F.3d 685, 693 (9th Cir. 2009)). Rather than the ALJ considering Plaintiff's ability to engage in activities to determine additional vocational ability, the Commissioner argues that the ALJ properly considered the activities as evidence of Plaintiff's ability to engage in more functioning than she alleged. ECF No. 16 at 16.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 19

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282. Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281. Thus, "the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." *Id.* at 1282.

Plaintiff alleged disability due to the following mental health conditions, as summarized in the ALJ's decision:

> The claimant asserted disability from working due to mental health conditions including anxiety, panic attacks, social anxiety, claustrophobia, depression, attention deficit disorder and obsessive-compulsive disorder. (Ex. 3E; 6E; 10E; 13E; Hearing Testimony). She reported that her anxiety/social anxiety limits her activities of daily living, noting she has difficulty leaving the house and has her family shop for her. She also described difficulties working and

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 20

completing tasks due to anxiety/panic attacks, as well as problems driving because of medication side effects. She claimed her social anxiety when around people causes her to "instantly go into panic mode" and "affects everything" related to her ability to work. (Ex. 6E). She noted that feeling pressure "in doing things outside of my comfort or from my home . . . instantly gives me anxiety/panic attacks," and claimed when she was working, she would "instantly go into panic because I couldn't leave." (Ex. 13E). She described other symptom triggers such as standing in line at the store or pharmacy, or "anywhere I feel trapped," as well as claiming she has panic attacks "for no reason at all." (Id). She noted difficulty completing tasks because her "mind skips all over the place," and claimed when she has panic attacks, she is not stable on her feet, feels off balance, dizzy, light headed, hot and has heart races. (Ex. 6E/6; 13E/6).

AR. 98–99.

The ALJ found "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 99. The ALJ found that Plaintiff's mental health treatment included "anti-anxiety and depressive medications and periodic therapy/counseling." AR 99. The ALJ concluded that the record "reflects routine and conservative treatment with medication management and counseling at times," "no indication of any inpatient treatment or psychiatric hospitalizations during the adjudicative period, and the claimant's consultative psychological evaluations, mental status exams, and treating records/progress notes are not consistent with the degree of disabling severity alleged." AR 99. Further, the ALJ noted that Plaintiff

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 21

claimed it took her years to get into mental health treatment after canceling six or seven appointments.  AR 100–101 (citing AR 821).

Some courts have disapproved of the view that taking anti-anxiety and anti-depressive medications along with periodic therapy is considered conservative treatment.  *See, e.g.*, *Garcia v. Commissioner of Social Security*, No. 1:21-cv-00068-SAB, 2022 WL 2110709 at *7 (E.D. Cal. June 10, 2022) (listing cases).  Even assuming that anti-anxiety and anti-depressive medications along with periodic therapy can be considered conservative treatment, an ALJ may rely on conservative treatment to discount a claimant's testimony only after he has considered why the claimant did not pursue more aggressive treatment.  *See* SSR 16-3p, 2016 SSR LEXIS 4 ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons why he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."); *Eitner v. Saul*, 835 F. App'x 932, 933 (9th Cir. 2021) (citing SSR 16-3p and finding that failure to pursue more aggressive treatment was not a clear and convincing reason to reject plaintiff's testimony because the ALJ did not consider why the claimant did not seek or obtain treatment).

The ALJ does not mention the specific medications or doses taken and does not otherwise support his finding that the treatment was "routine and conservative." The ALJ notes that there is no indication of inpatient treatment or psychiatric hospitalization, AR 99, but the ALJ did not consider possible reasons why Plaintiff

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 22

would not seek inpatient treatment or psychiatric hospitalization, and the ALJ did not articulate whether such treatment would be expected based on Plaintiff's self-reported symptoms.  Additionally, the Court finds that the difficulty Plaintiff experienced beginning treatment and attending appointments provides additional support for the severity of Plaintiff's anxiety, depression, and panic attacks, rather than discounting her symptoms as suggested by the ALJ.  The ALJ erred by failing to analyze or consider Plaintiff's reasons for not pursuing more aggressive treatment.

The ALJ found that Plaintiff's examining providers have noted Plaintiff's diagnosed conditions, and yet "claimant's mental status/psychiatric screenings otherwise reflect largely normal/intact mental status." AR 99.  The ALJ points to comments regarding Plaintiff such as "alert, oriented, good grooming/hygiene, appropriate mood/affect, cooperative, maintains eye contact, normal thought process and content; attention, concentration and intellectual function within normal limits." AR 99.  The ALJ finds that Plaintiff's presentation and performance on her consultative psychological evaluations is "not consistent with disabling mental symptoms/limitations." AR 100.  The ALJ also noted that, while Plaintiff claims she is unable to work due to panic attacks, anxiety, and claustrophobia, Plaintiff reported doing well working for four and a half years in caregiving, and that she had "always shined" until her last job.  AR 100 (citing AR 682, 684, 685).

Plaintiff's argument that the ALJ should not consider Plaintiff's ability to work for years prior to her alleged onset of disability is well founded.  While

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 23

1    Plaintiff was able to work for a number of years, the record shows that Plaintiff

2    experienced a gradual but steady decline in her mental health over the past few

3    years, which was exacerbated by COVID-19 and being required to wear a mask.  *See*

4    AR 488, 496.  Additionally, while Plaintiff is able to independently complete basic

5    life activities and presents as alert, oriented, and with good thought process, the ALJ

6    does not explain how these abilities are inconsistent with Plaintiff's alleged

7    symptoms or discredit her allegation of having trouble interacting with coworkers

8    and supervisors.  Daily activities may suffice to discredit a claimant's symptom

9    allegations where the ALJ makes a "specific finding" that the claimant "is able to

10   spend a substantial part of [her] day engaged in pursuits involving the performance

11   of physical functions that are transferable to a work setting[.]"  *Vertigan v. Halter*,

12   260 F.3d 1044, 1050 (9th Cir. 2001) (internal quotation omitted).  However, the

13   basic life activities noted by the ALJ include activities at home, alone, such as

14   cooking, cleaning, and laundry.  *See* AR 100.  The sole activity mentioned that does

15   not take place in Plaintiff's home is grocery shopping, which the ALJ notes that

16   Plaintiff claims to do "about once a month with her mother," or she "orders online or

17   has her father pick up."  *See* AR 100–01 (citing AR 685, 823).  The stated activities

18   do not show that Plaintiff is engaged in activities that are transferable to a work

19   setting; rather, they support that Plaintiff is able to do basic activities at her house,

20   but has difficulty doing activities in public and with other individuals.  *See Fair v.*

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 24

1    *Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (noting that a person need not be "utterly

2    incapacitated" to be disabled).

3        Accordingly, the Court finds that the ALJ did not provide clear and

4    convincing reasons for discrediting Plaintiff's subjective symptom allegations. *See*

5    *Smolen*, 80 F.3d at 1281.

6        ***RFC Formulation***

7        As the Court has found harmful error in the ALJ's evaluation of Plaintiff's

8    subjective symptom statements and medical source opinions, the formulation of the

9    RFC necessarily is affected.  Had the ALJ credited some of the discounted

10   statements and opinions, additional limitations may have been included in

11   Plaintiff's RFC.  Accordingly, the Court need not conduct a separate analysis with

12   respect to error in the RFC formulation.

13       ***Remedy***

14       The Ninth Circuit Court of Appeals has held that "[a] district court may

15   reverse the decision of the Commissioner of Social Security, with or without

16   remanding the cause for a rehearing, but the proper course, except in rare

17   circumstances, is to remand to the agency for additional investigation or

18   explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (quotations

19   omitted).  A court should take the exceptional step of remanding for an immediate

20   award of benefits only where:

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
ADDITIONAL PROCEEDINGS ~ 25

(1) The ALJ has failed to provide legally sufficient reasons for rejecting ... evidence [probative of disability], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (internal quotation omitted).

By contrast, remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Even if these requirements are met, the court retains "flexibility" to "remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

The Court does not find that the record as a whole compels a finding that Plaintiff is disabled or that the credit-as-true factors have been satisfied. Further administrative proceedings would be able to further develop the record with respect to whether Plaintiff's subjective complaints should be accepted and how the medical opinion evidence should be evaluated. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (holding that errors concerning the evaluation of testimony are appropriate for remand).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 11**, is **GRANTED**.

2. Defendant the Commissioner's Brief, **ECF No. 16**, is **DENIED**.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 26

3.     The decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

4.     Judgment shall be entered for Plaintiff.

5.     The District Court Clerk shall amend the docket in this matter to substitute Martin O'Malley as the Commissioner of the Social Security Administration.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** March 14, 2024.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge